IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BETTY LAMBERT, Individually,
and as Grandmother and Next
Friend of C.W., A Minor                                                                PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:16CV41-NBB-DAS

BOONEVILLE SCHOOL DISTRICT and
MICAH MOMENT, In His Individual Capacity                                DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

Factual and Procedural Background

This case involves the allegedly unauthorized paddling of a student, C.W., at Anderson Elementary School in Booneville, Mississippi. C.W. was caught fighting during his physical education class and was consequently paddled by defendant Micah Moment, a coach and P.E. teacher at the school. The plaintiff, C.W.'s legal guardian and grandmother, Betty Lambert, brought this suit against Booneville School District ("BSD") and Moment on March 8, 2016, and filed her Amended Complaint on January 25, 2017, alleging that the paddling constituted a number of violations of federal and state law. Lambert asserted a claim for excessive use of force in violation of the Fourth Amendment, Fourteenth Amendment substantive due process claims on behalf of herself and C.W., a Fourteenth Amendment equal protection claim, a claim pursuant to the Rehabilitation Act, and a number of state law claims.

The plaintiff alleges that on September 14, 2014, two boys approached C.W. and intentionally knocked him down. According to Lambert, C.W. "got loose and got one of them

and started hitting him." Doc. 43-1, p. 20. The other boy apparently ran. Shortly thereafter, C.W. was taken to the principal's office where defendant Moment allegedly paddled C.W. in front of assistant principal Jeri Potts, who asserts that she checked the school's "no-paddle" list and did not find C.W.'s name listed, although Lambert contends that she had made the school aware she did not want C.W. to receive corporal punishment at school. According to the defendants, C.W. himself was allegedly given the option to receive a paddling or three-day suspension from school, and he chose the paddling. Moment then put his finger through a belt loop on C.W.'s pants, lifted up the pants to prevent the paddle from hitting C.W. in the back or on the legs, and administered the paddling. Potts reported that Moment used the same amount of force to paddle both students he paddled that day.

Lambert alleges she discovered bruising on C.W.'s buttocks after picking him up from school on the day he was paddled by Moment. Lambert then took C.W. to a medical clinic for examination, but he received no further medical treatment for the bruising.

The office policy of the Booneville School District does not make provisions for parents to choose a no-paddle option for their children. The schools within the district do, however, make it a practice not to administer corporal punishment if a parent advises the school that such should not be used on their child. As noted, Anderson Elementary maintains a no-paddle list upon which C.W.'s name was not found.

The defendants have filed a motion for summary judgment on all claims. In response to the defendants' motion, the plaintiff has confessed her Fourth Amendment excessive force claim and her Fourteenth Amendment equal protection claim and has acknowledged that she has no

basis for recovery against defendant Moment in his individual capacity. Only Lambert's claims under the Due Process Clause, the Rehabilitation Act, and state law remain.

Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

The United States Supreme Court and the Court of Appeals for the Fifth Circuit have addressed Fourteenth Amendment due process in the context of corporal punishment in a school setting and "have consistently held that a student's due process rights are not violated by the administration of corporal punishment if the state affords him adequate post-punishment remedies." *Harris v. Tate County Sch. Dist.*, 882 F. Supp. 90 (N.D. Miss. 1995) (citing *Ingraham v. Wright*, 430 U.S. 651, 675-80 (1977)). The Supreme Court held in *Ingraham v. Wright* that a student receives all process that is constitutionally due if the state affords the

3

student adequate post-punishment remedies to deter unjustified or excessive punishment and to redress that which may nevertheless occur even though infliction of corporal punishment may transgress constitutionally protected liberty interests. *Ingraham*, 430 U.S. at 675. The Court stated, "[T]here can be no deprivation of substantive rights as long as disciplinary corporal punishment is within the limits of the common law." *Id.* at 676. The *Ingraham* Court further concluded that "the Due Process Clause does not require notice and a hearing prior to the imposition of corporal punishment in the public schools, as that practice is authorized and limited by the common law." *Id.* at 682.

The Fifth Circuit likewise has noted that provisions of state law affording "adequate traditional common-law remedies for students who have been subjected to excessive disciplinary force" bar a student from raising a substantive due process claim. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). Mississippi law provides adequate remedies for such students in that a teacher can be subject to civil liability and possibly criminal liability for paddling a student. *See id.; see also* Miss. Code Ann. § 11-46-9(1)(x) (2016); Miss. Code Ann. § 37-11-57 (2013). A teacher does not enjoy governmental immunity when he or she acts in "bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights or safety." Miss. Code Ann. § 11-46-9(1)(x). Section 37-11-57 is a similar statute that applies the same standard as Section 11-46-9(1)(x) and allows a teacher to be held accountable for negligence and/or child abuse when he or she acts in "bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights or safety." Miss. Code Ann. § 37-11-57. These adequate remedies under Mississippi law preclude Lambert from prevailing on a substantive due process claim against the defendants. *Moore*, 233 F.3d at 876.

The court also finds that the plaintiff cannot raise a viable due process claim because she cannot show that the paddling was "arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning." *Marquez v. Garnett*, 567 F. App'x 214, 215 (5th Cir. 2014). Lambert claims that BSD's "practice" of maintaining a "no-paddle" list is akin to a "policy" that arms her and C.W. with due process rights that were violated when C.W. was paddled without Lambert's knowledge. As the defendants aptly note, however, the terms "policy" and "practice" are not synonymous, and it is uncontested that no law, statute, or other written policy exists under federal law, Mississippi law, or even in BSD's handbook mandating a "no-paddle" list.

Lambert also argues that BSD should have provided adequate safeguards to prevent the erroneous imposition of corporal punishment. Lambert asserts that BSD should have provided parents and guardians with sufficient information regarding the paddling opt-out "practice," and BSD should have created a uniform manner by which to identify those students not permitted to be paddled. Again, however, Lambert fails to acknowledge that the law does not require BSD to do so. Accordingly, the court finds that the plaintiff's substantive due process claims under the Fourteenth Amendment are without merit and should be dismissed.

The plaintiff acknowledges that "BSD is correct in their assessment of the law in the Fifth Circuit with respect to substantive due process claims for the injuries sustained by students occasioned by the imposition of corporal punishment in the schools." Doc. 50, p. 9. The plaintiff requests, however, that this court rule contrary to Fifth Circuit precedent and thereby give the appellate court the opportunity to rewrite the law in this circuit. In support of this request, the plaintiff refers the court to Fifth Circuit Judge Jacques Wiener's special concurrence

in *Moore v. Willis Indep. Sch. Dist.*, *supra*, in which he notes the Fifth Circuit's increasingly isolated position regarding substantive due process as it relates to corporal punishment in our schools. *Moore*, 233 F.3d at 876-77 (Wiener, J., specially concurring). As the defendants argue, however, the Fifth Circuit did not endeavor to change its position in *Moore*; nor has it changed its position in similar cases handed down since *Moore*. *See, e.g.*, *Marquez*, 567 F. App'x at 217-18 (student's substantive due process rights were not violated even though the teacher "was charged in state court with assault causing bodily injury, was placed on administrative leave, and was required to surrender her teaching certificate."); *see also Clayton ex rel. Hamilton v. Tate County Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014) (finding district court properly dismissed substantive due process claim under binding Fifth Circuit precedent).

Further, the Fifth Circuit has expressed its position on rewriting the law in this circuit with respect to substantive due process in the context of corporal punishment in schools:

> We acknowledge that the Supreme Court has said that "[a] plaintiff ... may invoke § 1983," with respect to a substantive due process claim, "regardless of any state-tort remedy that might be available to compensate him for the deprivation of these rights." Moreover, "the majority of the circuits have held that students affected by corporal punishment may raise [substantive due process] claims," with most circuits using the "shocks the conscience" test. Nevertheless, "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." We are therefore bound to apply this circuit's precedent.

*Clayton*, 560 F. App'x at 297, n.1 (internal citations omitted). Because one panel of the Fifth Circuit will not overturn another panel and because the court has thus far chosen not to take the matter before the en banc court, this court's effort to rewrite the law as requested by the plaintiff, were it even inclined to do so, which it is not, would almost certainly be futile.

6

The plaintiff also brings a claim pursuant to the Rehabilitation Act, 29 U.S.C. § 794, which "broadly prohibits discrimination against disabled persons in federally assisted programs or activities." *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 990 (5th Cir. 2014). To survive summary judgment on a Rehabilitation Act claim, Lambert must be able to demonstrate that C.W. was a "qualified individual with a disability" who was excluded from "the participation in," "denied the benefits of," or was "subjected to discrimination under any program or activity receiving federal financial assistance." *See Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 425 (5th Cir. 2016) (quoting 29 U.S.C. § 794(a)).

Lambert asserts that C.W. was protected under the Rehabilitation Act because of his learning and emotional impairments. It is uncontested, however, that C.W. was not formally tested for learning disabilities until approximately fifteen months after the paddling which is the subject of this case. To recover under the Rehabilitation Act, the plaintiff must have a qualifying disability. *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 690 (5th Cir. 2017). Lambert has failed to provide any evidence to show that C.W. suffered from any specific disability prior to the paddling or that BSD had been made aware of such alleged disability. She has also failed to show that C.W. was excluded from participation in any programs, denied the benefits of any programs, or subjected to discrimination at school based on an alleged disability. The court therefore finds that the plaintiff's Rehabilitation Act claim must be dismissed.

The plaintiff also brings state law claims against BSD for allegedly administering excessive corporal punishment, failing to keep C.W. safe from bullying, and for intentional infliction of emotional distress. The only way the plaintiff can overcome the governmental immunity afforded to BSD over the administration of corporal punishment is to show that BSD

"acted in bad faith or with malicious purpose or in a manner exhibiting wanton or willful disregard of human rights or safety." Miss. Code Ann. § 11-46-9(1)(x) (2016). The Mississippi Supreme Court has defined the wanton and willful standard as follows:

> The usual meaning assigned to [these] terms is that the actor has intentionally done an act of unreasonable character and reckless disregard of the risks known to him, or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow. It usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm would follow.

*Maldonado v. Kelly*, 768 So. 2d 906, 910 (Miss.2000) (quoting *Orthopedic and Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 224, n.3 (5th Cir.1991)). The court finds that the plaintiff has failed to show "wanton or willful" conduct on the part of the defendants, and this claim should be dismissed.

Likewise, the court finds that the plaintiff's bullying claim should be dismissed. The plaintiff acknowledges that she did not report any alleged bullying of C.W. until two or three weeks prior to her April 10, 2017 deposition in this case. She cannot show that BSD had prior knowledge of any alleged bullying of C.W. It is uncontested that defendant Moment did not witness the beginning of the fight which gave rise to C.W.'s paddling, but he did witness C.W. fighting. It is also uncontested that fighting is not the appropriate response to bullying under BSD's anti-bullying policy. Instead, the proper course is for the student to report the incident, which did not happen in this case. The defendants are entitled to judgment as a matter of law on this claim.

Finally, the court finds nothing in the record to support a claim for intentional infliction of emotional distress, and said claim will also be dismissed.

Conclusion

For the foregoing reasons, the court finds that the defendants' motion for summary judgment is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 20th day of September, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**